IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARONDA WILLIAMS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     No. 3:13-cv-0808 |
| | ) |
| VIRGINIA LEWIS, WARDEN, | )     Judge Sharp |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Taronda Williams, a state prisoner incarcerated at the Tennessee Prison for Women, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1), seeking review of her 1998 state conviction. Because it is apparent from the face of the petition that it is untimely and barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A), the petition will be dismissed on preliminary review. Rule 4, Rules Gov'g § 2254 Cases.

**I.    Procedural Background**

Williams was convicted of first-degree murder after a jury trial in the Criminal Court for Davidson County, Tennessee and sentenced to life in prison, with the possibility of parole, in December 1998. The Tennessee Court of Criminal Appeals affirmed her conviction in 2000. *State v. Williams*, M2000-00212-CCA-R3-CD, 2000 WL 1763683 (Tenn. Ct. Crim. App. Nov. 30, 2000). Williams did not seek an appeal to the Tennessee Supreme Court, nor did she file a state post-conviction petition. (ECF No. 1, at 2, 9.) Williams filed her petition for habeas relief in this Court on August 7, 2013.

**II.    The One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events.. The only event relevant here is the date on which the state-court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

---
[1] Section 2244(d)(1) states in full:

AEDPA also provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003). In addition, equitable tolling may, under very limited circumstances, excuse a petitioner's untimely filing of a federal habeas petition. *Sherwood v. Prelesnik*, 579 F.3d 581, 587–88 (6th Cir. 2009). For equitable tolling to be warranted, a petitioner must demonstrate that she has been diligently pursuing her rights and that some extraordinary circumstance prevented her from filing a timely federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The petitioner bears the burden of showing that equitable tolling applies. *Robertson*, 624 F.3d at 784.

## III. Application of the Statute of Limitations to this Case

The petitioner's conviction was affirmed on November 30, 2000. Her conviction became final sixty days later, upon the expiration of the time during which she could have filed an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b); 28 U.S.C. § 2244(d)(1)(A). The habeas petition in this case was filed on August 7, 2013, approximately twelve and a half years after her conviction became final for purposes of § 2244(d), and thus eleven and a half years after the one-year statute of limitations expired. Her petition is clearly time-barred unless she can show some basis for statutory or equitable tolling.

While the one-year limitations period in AEDPA may be tolled during the pendency of a state post-conviction petition, Williams does not receive the benefit of this rule because she did not file a state

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

post-conviction petition or other application for collateral review before the one-year statute of limitations for filing a habeas petition in federal court had expired. Even if she were to file a state post-conviction petition now, besides the fact that such a petition would be time-barred under Tennessee law, Tenn. Code Ann. § 40-30-102(a), a state post-conviction petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is no time left to toll. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Nor does Williams allege facts or circumstances that might warrant equitable tolling. She states only that her "counsel removed from her case prior to being able to file her Motion for Post Conviction Relief or subsequent T.R.A.P. Rule 11 motion to the Tennessee Supreme Court" (ECF No. 1, at 4, 5, 8), and that "Petitioner has tried to secure counsel and has been unable to do so. Also, in limited circumstances, the Court is able to altogether avoid the mandates of section 2244(d) by equitably tolling the one-year time period." (ECF No. 1, at 10.) Williams does not remotely suggest that she has diligently pursued her rights over the past decade, or that extraordinary circumstances prevented her from doing so. In other words, it is clear from the face of the petition that equitable tolling cannot save the petition in this case.

## IV.    Conclusion

Because it plainly appears from its face that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the petition will be dismissed. An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge