IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARONDA WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-cv-0808 |
| ) | |
| VIRGINIA LEWIS, WARDEN, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## ORDER

Taronda Williams, a state prisoner incarcerated at the Tennessee Prison for Women, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1). Before the Court is the petitioner's Motion to Proceed *in Forma Pauperis* (ECF No. 2). Because it appears from the petitioner's application that she lacks sufficient funds to pay the filing fee, the application (ECF No. 2) is **GRANTED**.

In addition, the habeas petition is before the Court for an initial review. Rule 4, Rules Gov'g § 2254 Cases. Rule 4 requires this Court promptly to examine any § 2254 petition after it is filed and to dismiss it, prior to service on the respondent, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth in the accompanying Memorandum Opinion, the Court finds that the petition is subject to dismissal under Rule 4 because it is barred by the one-year statute of limitations.

Accordingly, this action is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A). The petitioner's pending motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

The petition presented here is barred by the statute of limitations and therefore fails to state any viable basis for federal habeas relief. Because an appeal by the petitioner would not warrant attention on the merits, the Court **DENIES** a COA.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge